ROBERT McGREGOR, ASSIGNEE OF GEORGE MILNE & Co. *v.* THE COVINGTON AND LEXINGTON RAILROAD COMPANY.

1. A contract of sale of personal property, at a given price, to be reduced to the lowest sum accepted by the vendor at future sales within a given period, is not void as a wager.
2. A sale by a corporation of its own obligations for the payment of money, such as railroad bonds, is a contract for the loan of money. It matters not what the form of a transaction may be, where one party advances money to another, to be repaid at a future day, it is a loan: and if the sum to be repaid be greater than the sum advanced, with lawful interest, the contract is usurious, and will not be enforced, either at law or in equity.
3. The statute of December 15, 1852, relating to the sale of bonds of railroad companies, 3 Curwen, 2093, authorizing the sale of such bonds, at such prices as the directors may choose to take, does not apply to foreign corporations.

GENERAL TERM.—Proceeding in error to reverse a judgment rendered at the June special term, A. D. 1856, in favor of the defendant upon a demurrer to the plaintiff's amended petition.

The amended petition averred that the defendant, a body corporate under the laws of the State of Kentucky, sold the plaintiff's assignors, George Milne & Co., in April, 1854, twenty-five of defendant's second mortgage bonds of $1,000 each, at the price of eighty-seven and a half cents on the dollar; that at the time there was no established market value for said bonds; that it was then agreed, on the part of defendant, that in case it should dispose of any other of the same class of bonds, in the city of Cincinnati, before the 1st of September next ensuing, at a less rate, the defendant would refund to Milne & Co. the difference between the lowest sum at which they should be thus sold and the price so paid by Milne & Co.; that the sum paid by Milne & Co. was not intended as an absolute payment, but a contingent payment only, the true price to be paid by Milne & Co. depending upon the subsequent sales of bonds of that class

and description, by the company, and to be fixed at the same rate, in the event of lower subsequent sales being made; that defendant, within the time specified, did sell its bonds, in the Cincinnati market, at the rate of seventy cents on the dollar; the difference between which and the sum advanced, plaintiff seeks to recover, and demands judgment for it.

*Corwine, Hayes & Rogers*, for plaintiff in error.

*Lord & Wright*, for defendant in error.

SPENCER, J., delivered the opinion of the court.

If the bonds sold, or agreed to be sold, in this case, had been the bonds of another company or person than the defendant, I am of opinion that the plaintiff would have shown a good cause of action. In that event, the case made substantially is, that the parties were contracting for the purchase and sale of an article as to which there was no certain or then established market value, but in consideration that Milne & Co. would advance a certain sum, defendant agreed that they should have the bonds at that price certain, and at the lowest sum for which they should be sold during the ensuing season. This is not a wager upon the market value of the bonds, during the season stipulated for, but a contract to sell the bonds at the lowest sum they may have been sold for during the season, the price in any event not to be more than the sum advanced. The sale is absolute; the price may depend upon a contingency, or be fixed by a future agreed event. Or the contract may be considered, in another aspect, as one where the vendor stipulates, in consideration that the vendee purchases at a certain price, that the market value of the article shall not be less within a given period. This is a contract which may be beneficial to both parties, and therefore is not in the nature of a wager. It benefits the vendor in securing a certain sale of the property, and it benefits the vendee in securing himself, for a

limited period, against a depreciation of the article in the market.

But the case really presented is not one of a sale of property with a stipulation as to future price, but a case of a loan of money, by the defendant from Milne & Co., the terms' of which are, that Milne & Co. advance a certain sum, and take the bonds of the company for repayment at a future day, discounting them at a greater rate of interest than is allowed by law. And the real aspect of this petition is, that of a plaintiff asking specific performance of a contract for a loan of money upon usurious terms; that is, the court is substantially called upon to require the defendant to submit to a sale of its own paper, discounting therefrom thirty per cent. of its value.

It matters not what the form of a transaction may be, where one party advances money to another, to be repaid at a future day, it is a loan; and if the sum to be repaid be greater than the sum loaned, with lawful interest, the contract is usurious, and will not be enforced, either at law or in equity.

It might, and perhaps would have been otherwise, had the defendant been an incorporation created by the laws of Ohio. By the act relating to the sale of bonds of railroad companies, 3 Curwen, 2093, passed December 15, 1852, it is provided: " That the directors of any railroad company, authorized to borrow money, and to execute bonds or promissory notes therefor, may sell, negotiate, mortgage or pledge the same, etc., at such rates and for such prices as in the opinion of the directors, will best advance the interest of such company, and if such notes or bonds are sold at a discount, such sale shall be as valid in every respect, and such securities as binding for the respective amounts thereof, as if they were sold at their par value."

This law evidently applies to domestic corporations only, and was intended to enlarge the power conferred upon railroad companies by prior acts, to borrow money at a rate of interest not exceeding seven per cent. It has no application

to foreign corporations, as to who them same provisions in regard to loans of money apply, as to private individuals, or other companies.

Upon the whole case, then, we are of opinion that the demurrer was properly sustained, and the judgment, therefore, will be affirmed.

Judgment affirmed.